## MILLHISER & CO. *v.* McALLISTER & SIMMONS.

1. A motion to strike a plea on the ground that it was not supported by evidence was properly overruled—the more especially when there was ample evidence to sustain the allegations of the plea.
2. The verdict in the present case was not contrary either to the law or the evidence; but the judgment does not follow the verdict, and direction is given for its amendment.

Submitted February 14,—Decided March 25, 1898.

Complaint on account. Before Judge Kimsey. Habersham superior court. March term, 1897.

*J. C. Edwards* and *George P. Erwin*, for plaintiffs.
*Jones & Bowden*, for defendants.

LUMPKIN, P. J. This case was here at the March term, 1895, and a report of the same may be found in 96 *Ga.* 475. At the last trial, there was a verdict in the following words: "We, the

jury, find for the defendant against plaintiff three hundred and thirty-nine dollars and seventeen cents principal, and two hundred and twenty-six dollars and thirty-two cents interest, with cost of suit." Thereupon a judgment was entered in favor of McAllister & Simmons and J. B. Simmons against Millhiser & Co., for the amounts specified in the verdict. The court overruled a motion to strike defendant's plea of set-off, based "on the ground that the evidence showed that the claims were not of the same nature or between the same parties." The plaintiff filed a motion for a new trial, alleging that the court erred in refusing to strike this plea, and complaining of the verdict as being contrary to law and the evidence.

1. Obviously, there was no merit in the motion to strike the defendant's plea, the ground of the motion being, in effect, that the defense thus made was not supported by the evidence. Even if this were so, it would afford no reason for striking the plea; and moreover, it appears from the record that the same was amply sustained by the evidence.

2. In the light of the decision formerly rendered in this case, and in view of the entire record now before us, it is clear, we think, that the real controversy at the trial was between Millhiser & Co. and J. B. Simmons, and the only question at issue was whether or not the set-off pleaded by the latter in his individual name and right was a valid demand against the plaintiffs. Construed with reference to what has just been said, the words, "the defendant," in the verdict of the jury necessarily meant the defendant Simmons, and, as already remarked, the finding by the jury in his favor was sufficiently supported by the evidence introduced in his behalf. This being so, and the trial judge having approved the verdict, we are constrained to allow it to stand; but the judgment does not follow the verdict, and should be amended so as to make the same one in favor of J. B. Simmons alone. We have given a direction which will accomplish this result.

*Judgment affirmed, with direction. All the Justices concurring, except Cobb, J., absent.*